IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-03312-PAB

ERICA JOHNSON,
LEAH OLSZEWSKI, and
ELIZABETH KNIGHT,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

# ORDER

---

This matter comes before the Court on the Joint Motion for Transfer of Venue [Docket No. 9].  The Court has jurisdiction under 28 U.S.C. § 1331.

Plaintiffs bring this case under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), 2761 *et seq*.  Docket No. 1 at 2-3, ¶ 4.  Two of the plaintiffs are residents of Colorado and one is a resident of Washington.  *Id.* at 2, ¶¶ 1-3.  The complaint alleges tortious conduct by senior officials of the United States Department of Defense.  *Id.* at 1-2.  The parties agree that these officials, at the time of the alleged tortious conduct, were located within the Eastern District of Virginia.  Docket No. 9 at 1-2, ¶ 2.

An FTCA claim may be properly brought in either the judicial district "where all the plaintiffs reside" or the judicial district "where the act or omission occurred." *Richards v. United States*, 369 U.S. 1, 12 n.25 (1962).  As one of the plaintiffs does not

reside within the District of Colorado, Docket No. 1 at 2, ¶ 3, and the relevant acts or omissions are not alleged to have taken place in Colorado, the Court finds that the District of Colorado is not the proper venue for this case.

When venue does not lie in the district in which the case has been filed, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). The parties agree that the case could originally have been brought in the United States District Court for the Eastern District of Virginia because the alleged tortious conduct occurred within that district and the FTCA provides for venue in the district in which the tortious conduct occurred. Docket No. 9 at 2-3, ¶¶ 3-6. The parties also agree that it is in the interest of justice to transfer the case because Virginia law applies to the claim and because the litigation is in an early stage, with no response to the complaint having yet been filed, no scheduling order entered, and no trial date having been set. *Id.* at 3, ¶ 6. The Court agrees and will order that the case be transferred to the Eastern District of Virginia.

It is therefore

**ORDERED** that the Joint Motion for Transfer of Venue [Docket No. 9] is **GRANTED**. It is further

**ORDERED** that, pursuant to 28 U.S.C. § 1406(a), this action is transferred to the United States District Court for the Eastern District of Virginia. It is further

**ORDERED** that the United States' April 2, 2025 deadline to answer or otherwise respond to the complaint is **STAYED** until such time as that deadline is reset by the United States District Court for the Eastern District of Virginia.

DATED April 16, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge